IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AVERITT EXPRESS, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1362-P |
| | § | |
| KYLE M. AVERITT, ET AL. | § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT

On September 9, 2021, Plaintiff filed a Motion for Order to Show Cause [doc. 23] and Finding of Contempt [doc. 23-1]. In an order dated October 7, 2021, the Court partially granted Plaintiff's motion by setting a show cause hearing for November 2, 2021 [doc. 26]. Based on the evidence presented at the hearing and the motion and relevant pleadings in the record, the Court **RECOMMENDS** that the Plaintiff's Motion for Finding of Contempt [doc. 23-1] be **GRANTED**.

### FINDINGS AND CONCLUSIONS

#### I. BACKGROUND

On December 23, 2020, Plaintiff filed this lawsuit against Defendants Kyle M. Averitt, Averitt Logistics, and Averitt Holdings Group, Inc. (collectively referred to as "Defendants") alleging claims for "eight causes of action, including trademark infringement, counterfeiting, unfair competition, false designation of origin, false association, dilution, and cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; Texas state law, Tex. Bus. & Com. Code § 16.001 *et seq.*; and Texas common law trademark infringement and unfair competition." (Plaintiff's Memorandum in Support of Plaintiff's Motion for Order to Show Cause and Finding of Contempt ("Pl.'s Memo.") at 4; *see* doc. 1.) In the complaint, Plaintiff sought to recover

1

damages and injunctive relief for the irreparable harm caused by Defendants' unlawful activities [doc. 1]. After Defendants failed to respond to Plaintiff's complaint or otherwise defend against the action, Plaintiff moved the Court to enter default judgment against Defendants and to award Plaintiffs their requested permanent injunctive relief, statutory damages, and reasonable attorneys' fees and costs [doc. 15]. After Defendants failed to respond to Plaintiff's motion, the Court, on March 15, 2021, entered a Default Judgment and Order granting Plaintiff's Motion for Default Judgment and awarding Plaintiff a trebled statutory damages award of $6.9 million, plus $36,000 in attorneys' fees, costs, and interest, pursuant to 15 U.S.C. § 1117(b) [doc. 16]. In the Default Judgment and Order, the Court also granted a permanent injunction against Defendants, requiring them to comply with specific terms to, in essence, prevent them from further engaging in conduct damaging to Plaintiff [doc. 16]. The Court, also on March 15, 2021, entered a Final Judgment [doc. 17].

Thereafter, to perfect its judgment lien against Defendants, Plaintiff filed a Request for Amended Abstract of Judgment [doc. 21], which was issued by the Clerk of Court on May 12, 2021 [doc. 22]. Plaintiff sent copies of the abstract to each of the Defendants, which were delivered on May 17, 2021. (Pl.'s Memo. at Exhibit 1.) On June 14, 2021, the Tarrant County Clerk's office recorded and indexed the abstract against Defendants' real property records. (Pl.'s Memo. at 3.) Plaintiff has received no response from Defendants regarding the abstract and Defendants have not made a single payment towards Plaintiff's judgment. (*Id.*)

Consequently, Plaintiff filed the above-referenced Motion for Order to Show Cause and Finding of Contempt. The undersigned partially granted Plaintiff's motion by setting a show cause hearing for November 2, 2021 [doc. 26]. Plaintiff, through its counsel, Caitlin Smith and Margaret Johnson, appeared at the hearing. Defendants wholly failed to appear.

## II.     RELEVANT LAW

Pursuant to 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority in certain limited circumstances, including civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. § 636(e). In all other instances in which a party's actions constitute contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

As recognized by the Fifth Circuit, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence[1] 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271-272 (5th Cir. 2009) (citation omitted); *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004).

Furthermore, if the respondent did not comply with a court order, then the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). A Defendant's alleged good faith, however, does not excuse a finding of civil contempt. *United States v. Woodberry*, 405 F. App'x, 840, 844 (5th Cir. Dec. 20, 2010) (citation omitted). "[S]anctions for civil contempt are meant to be 'wholly remedial' and serve to benefit the party who has suffered injury or loss at the

---

[1] The clear and convincing standard lies in between the "preponderance of the evidence" standard and the "beyond a reasonable doubt" standard. *S.E.C. v. Resource Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. Feb. 6, 2007) (citation omitted).

3

hands of the contemnor." *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 399 (5th Cir. 1987) (quoting *Southern Railway Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968), *reh'g denied*, 408 F.2d 348 (5th Cir. 1969)). Thus, sanctions for civil contempt may only be employed to coerce the contemnor into compliance with the court's order(s), and/or to compensate the party affected by the contemnor's conduct for the party's resulting injury or loss. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947).

### III. CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e)(6), I, the undersigned magistrate judge, certify the facts as summarized above to U.S. District Court Judge Mark Pittman.

### IV. ANALYSIS

Based on the foregoing, the undersigned finds that Plaintiff has made a prima facie case showing that the March 15, 2021 Default Judgment and Order was in effect, that order required certain conduct by Defendants, and Defendants have wholly failed to comply with such order.

### RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Finding of Contempt [doc. 23-1] be **GRANTED** and that the District Court order Defendants to appear before the District Judge on a date certain to show cause why they should not be adjudged in civil contempt by reason of the foregoing certified facts.

It is further **RECOMMENDED** that, at the hearing, the District Judge will "hear the evidence as to the conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge," including, but not necessarily limited to: (1) requiring Defendants to fully comply with the permanent injunction set forth in the March 15, 2021 Default Judgment and Order; (2) reimbursing, after submission of detailed specification of the requested fee award with appropriate

4

Case 2:20-cv-01362-P Document 29 Filed 11/02/21 Page 5 of 6 PageID 394

affidavits or other supporting documentation, Plaintiff's attorneys' fees and costs that are causally related to Plaintiff's Motion for Order to Show Cause and Finding of Contempt as well as Defendants failure to attend the November 2, 2021 show cause hearing; and (3) awarding such other relief to which Plaintiffs may be entitled to or that may be necessary to enforce this Court's orders.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Based on the foregoing, it is **ORDERED** that the Clerk of the Court shall deliver a copy of this order to Defendants at their last know addresses known to the Court, as follows:

(1) Kyle Martin Averitt, 731 Somerset Court, Mansfield, Texas 76063;

(2) Averitt Logistics, 731 Somerset Court, Mansfield, Texas 76063; and

(3) Averitt Holdings Group, Inc., c/o Registered Agent—United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

SIGNED November 2, 2021.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6